DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,            )
                                     )     CASE NO. 1:10 CR 318
             Plaintiff,              )
                                     )
     v.                              )     MEMORANDUM OPINION
                                     )
Robert F. Starnes,                   )
                                     )
             Defendant.              )
                                     )

The defendant has been charged with three counts of bank robbery in the Superseding

Indictment filed on September 29, 2010.  Doc. 30.  Prior to the filing of the Superseding

Indictment, counsel for the defendant filed a motion to suppress limited only to Count 3 of the

Superseding Indictment charging the defendant with the July 21, 2010 bank robbery of the Chase

Bank in Sheffield, Ohio.  Doc. 16.

The Court granted the motion of the defendant's initial counsel from the Federal

Defender's Office to withdraw.  The Court referred the motion to withdraw to fellow colleague

District Court Judge John Adams and he recommended that the motion to withdraw be approved.

The Court did not read the motion nor is he aware of the basis for the motion to withdraw.

However, the Court, based on the advice of District Court Judge John Adams, approved the

motion.  Doc. 24.  The Court then appointed CJA counsel, Larwrence J. Whitney, and Mr.

Whitney then prosecuted the earlier-filed motion to suppress.  As a consequence, the Court

conducted an evidentiary hearing on Monday, October 5, 2010, in connection with the motion to

suppress.

(1:10 CR 318)

The defendant's motion to suppress relates only to Count 3 of the Superseding Indictment charging the defendant with the bank robbery of the Chase Bank on July 21, 2010.[1]

On July 22, 2010, the defendant's Adult Parole Authority Officer conducted a warrantless search of the defendant's property, seized several items of evidence and arrested the defendant.  The evidentiary hearing conducted on Monday, October 5, 2010 described the warrantless search of the defendant's apartment and the seizure of certain items of evidence.

On October 12, 2010, Mr. Whitney filed a post-hearing brief in support of the motion to suppress and contended that the motion to suppress as it relates to the July 22 search should be granted as the searching party did not possess a valid search warrant.  Counsel for the defendant agrees that adult parole officers have the right to search the home and vehicle of a parolee pursuant to O.R.C. Section 2967.131, as long as the defendant  is on  parole.  However, counsel argues that the March 3, 2010 order of Lorain County Judge Rothgery canceled the defendant's parole status and the power of adult parole officers to operate under the provisions of O.R.C. Section 2967.131.  Consequently, as the defendant argues,  the search and seizure of evidence from the apartment and vehicle of the defendant violated the Fourth Amendment.  See Docket 37.

Lorain County Common Pleas Judge Christopher Rothgery filed an order on March 3, 2010 which declared in its entirety as follows:

"On July 8, 2005, defendant's sentences in cases 93CR043854 and

---

[1]The earlier bank robbery is alleged to have taken place on June 28, 2010 and involving the Lorain National Bank.  The second bank robbery is alleged to have taken place on July 14, 2010 and involving the First Merit Bank in Amherst, Ohio.

2

(1:10 CR 318)

93CR044043 were converted from parole to community control supervision and ordered to run concurrent to sentences given in cases 03CR063587 and 04CR066091, pursuant to R.C. 2929.141(A) and (B).

"On February 3, 2006, defendant was found in violation of community control sanctions, terminated unsuccessfully and sentenced to prison.

"In light of the above, the court finds that the defendant should no longer be under the control of the Ohio Adult Parole Authority in this matter having served any sentence given to him by this court.

"The Ohio Adult Parole Authority is hereby ordered to release the defendant from any supervision or control in the above captioned case.

"It is so ordered."

The Ohio Adult Parole Authority, after receipt of Judge Rothgery's order, disagreed with

Judge Rothgery's power to cease parole supervision of the defendant as set forth in the letter of

T. Austin Stout, Assistant Chief Counsel for the Ohio Department of Rehabilitation and

Correction.  The full text of Mr. Stout's letter follows:

"Dear Judge Rothgery:

"I am writing in regard to your order dated 3/3/10 directing the Ohio Adult Parole Authority to cease parole supervision of Robert Starnes.  On behalf of the Ohio Adult Parole Authority (APA) I must respectfully inform the court that it is our position that the law requires the APA to continue to supervise Mr. Starnes on parole until a final release is issued pursuant to ORC 2967.16.  Mr. Starnes is currently eligible for a final release recommendation on 8/15/10.

"While the former version of ORC 2929.141 (first effective in 2002), did authorize sentencing courts to impose some sanctions on parolees; [sic] it did not authorize the courts to terminate parole. (*State v Ricks* (Ohio App 8th Dist) 2006 Ohio 4268; 2006 WL

3

(1:10 CR 318)

> 2374362; unreported, copy attached) The former statute did not
> provide for converting parole to community control and thereby
> effectively terminating parole.
>
> "Therefore, the APA believes that it is unable to lawfully release
> Mr. Starnes from supervision at this time and must continue to
> supervise him.  Since the APA's statutory duty appears to conflict
> with the Court's recent order, I felt obligated to bring this matter to
> the Court's attention on behalf to the APA.
>
> "Sincerely,
>
> "T. Austin Stout
> "Asst. Chief Counsel"

Following the exchange of the above correspondence, the chief of the Adult Parole

Authority issued a notice that the defendant was a violator-at-large effective May 27, 2010.  A

copy of the notice follows:

> Whereas, ROBERT F. STARNES No. A280935 received a
> sentence of 1.5+5-25 year(s) and was released OCTOBER 3, 2005:
> and Whereas, the Superintendent of the Adult Parole Authority has
> brought information to the attention of the Chief of the Adult
> Parole Authority that he has violated the term and conditions of
> his/her release and, Whereas, the Adult Parole authority has
> carefully considered all of the factors brought to its attention
> concerning this case; now Therefore, by virtue of the authority
> vested in the Adult Parole Authority by the Ohio Revised Code he
> is hereby declared to be a Violator-at-Large, effective MAY 27,
> 2010;
>
> Witness my hand and seal this 8th Day of JULY, 2010 at
> Columbus, Ohio.

On the day after the Chase Bank robbery on July 21, 2010, Ohio Adult Parole Officer

Bert Fitzgerald led a party to the apartment of the defendant where he was seized, arrested and

removed from the apartment based on Fitzgerald's belief that he had the power to arrest Starnes

4

(1:10 CR 318)

and search his apartment for parole violations.

After Starnes was removed from the apartment, F.B.I. Agent Kelly Liberti obtained a written consent from Kim Starnes, the wife of the defendant, to search the apartment.  A copy of the signed consent to search is attached as Appendix I.

However, the F.B.I. did not search the defendant's vehicle because the vehicle was titled in the defendant's name only.  However, Ohio Adult Parole Officer Fitzgerald did search the vehicle based on his authority as a parole officer and did seize a hat.

As a consequence of the search of the apartment and the search of the vehicle, a pellet gun was seized from the apartment, a bandana was seized from the apartment and one notebook was seized from the apartment.  It is the view of the government that the demand note used in the July 21, 2010 bank robbery was torn from the seized notebook.  Finally, a hat was seized from the vehicle described as a camouflage hat.

In sum, the defendant moves to suppress the pellet gun, the bandana and the notebook seized from the apartment and the camouflage hat seized from the defendant's vehicle.

The history of the defendant's control by the Adult Parole Authority is lengthy and it is set forth at page 62 through page 72 of the transcript of the suppression hearing.  For the convenience of any reviewing court, a copy of the transcript is attached hereto as Appendix II.

In sum, the defendant was described as "old school parole because he was sentenced on July 1, 1996, and that as a consequence, only the chief of the Ohio Adult Parole Authority has the power to sign off on a final release and termination."  The defendant was admitted to prison on August 19, 1993 for the offenses of Aggravated Burglary, Breaking and Entering and Drug

5

(1:10 CR 318)

Abuse.  He was sentenced to a definite sentence to one and one-half years and a concurrent indefinite sentence of five to 25 years.  When Judge Rothgery entered his order of March, 2010 regarding the defendant's parole status, he apparently was unaware of the fact that the defendant was still subject to the supervision of the Ohio Adult Parole Authority based on his 1993 convictions.

The defendant argues that the Ohio Adult Parole Authority was bound by Judge Rothgery's order, even if an incorrect order, and the Ohio Adult Parole Authority was bound by the order until it obtained a judicial ruling  from a higher Ohio court vacating Judge Rothgery's order.  This Court respectfully disagrees.  Rather, this court finds that the Ohio Adult Parole Authority timely expressed to Judge Rothgery its disagreement and so advised the defendant.

Consequently, the Court finds that Ohio Adult Parole Officer Fitzgerald had the power to enter the apartment on July 21, 2010 for the purpose of arresting the defendant as a parole violator.  The Court further finds that the defendant's wife, Kim Starnes, consented to the search of the apartment which produced the pellet gun, the bandana and the notebook.[2]  The Court finds that the defendant's wife, Kim Starnes, had the power to consent to the search.  Consequently, the defendant's motion to suppress the pellet gun, the bandana and the notebook is DENIED.

The Court also finds that Ohio Adult Parole Authority Parole Officer Fitzgerald had the

---

[2]In the post-hearing brief, counsel for the defendant argues that Kim Starnes only consented to a search of the apartment because she thought it was fruitless to refuse consent and argues that the consent was the subject of duress and coercion.  The Court listened carefully to the testimony of Kim Starnes and rejects the idea that she signed the consent to search based on coercion and duress.

(1:10 CR 318)

authority to search the defendant's vehicle, and as a consequence, the defendant's motion to

suppress the camouflage-like hat seized from the vehicle is DENIED.

     This case remains on the trial list for November 8, 2010.[3]

     IT IS SO ORDERED.


  October 13, 2010                   /s/ David D. Dowd, Jr.
Date                            David D. Dowd, Jr.
                             U.S. District Judge

---

[3]The Court has indicated that it will not conduct another status conference prior to the trial date of November 8, 2010 unless the Court is notified that the parties have reached a decision to complete the case on a basis other than a trial.