UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

UNITED STATES OF AMERICA, :
: CASE NO. 1:10-CR-318
        Plaintiff/Respondent, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 131, 134]
ROBERT F. STARNES, JR., :
:
        Defendant/Petitioner. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Robert Starnes moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for three counts of bank robbery. Starnes argues that his lawyer provided ineffective assistance of counsel; that he was indicted and visually identified by witnesses based on illegally obtained evidence; and that his criminal history was improperly calculated during sentencing.[1] Starnes also requests the appointment of counsel and an evidentiary hearing on his motion.[2]

For the following reasons, the Court **DENIES** Starnes's petition, along with his request for an evidentiary hearing and the appointment of counsel.

**I. Background**

In July 2010, Starnes's parole officer and several acquaintances identified Starnes as the suspect in three bank robberies that had occurred in the preceding two months. On July 22, 2010, Starnes was arrested and his residence was searched.

On September 29, 2010, a grand jury charged Starnes with two counts of armed bank robbery

---

[1] Doc. 131. The United States opposes Starnes's motion. Doc. 133.
[2] Doc. 134.

Case No. 1:10-CR-318
Gwin, J.

and one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d).[3]

In November 2010, a jury convicted Starnes on all counts.[4] However, in October 2012, the Sixth Circuit vacated Starnes's conviction, ruling that evidence from the search of Starnes's house should have been suppressed at trial.[5]

In November 2012, Starnes was retried and again convicted on all three counts.[6] The Court sentenced Starnes to a term of 140 months incarceration.[7] After his direct appeal was denied, Starnes filed his § 2255 petition.

## II. Legal Standards

Under 28 U.S.C. § 2255, federal prisoners may collaterally attack federal convictions if they can show the convictions violate federal law. To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[8] When alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[9]

## III. Analysis

**A. Ineffective Assistance of Counsel**

Starnes argues that his attorney, John Gibbons, provided ineffective assistance of counsel for

---

[3] Doc. 30.
[4] Doc. 54.
[5] Doc. 79.
[6] Doc. 92.
[7] Doc. 115.
[8] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).
[9] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citation omitted).

Case No. 1:10-CR-318
Gwin, J.

four reasons: first, Gibbons did not present Starnes's "alibi" to the jury; second, Gibbons did not properly cross-examine witnesses; third, Gibbons did not object to the indictment; and fourth, Gibbons did not move for a mistrial based on premature deliberation.

To prevail on this claim, Starnes must satisfy the two-pronged *Strickland v. Washington* test.[10] First, Starnes must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[11] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[12] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[13]

Second, Starnes must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[14]

**I. Failure to Present Alibi**

Starnes suffered a serious hand injury several days before one of the robberies. Starnes says, however, that the suspect in surveillance video of the robberies does not appear to have such an injury. Starnes states that Gibbons should have introduced evidence of this injury to bolster the case that Starnes was not in fact on the surveillance tape.

But Starnes sustained the injury during a police chase after he robbed a store on July 6,

---

[10] 466 U.S. 668 (1984).
[11] *Id.* at 688.
[12] *Id.* at 690.
[13] *Id.* at 690-91.
[14] *Id.* at 695.

Case No. 1:10-CR-318
Gwin, J.

2010.[15] Attorney Gibbons's decision not to present hand injury evidence is well within the range of competent representation. Emphasizing the hand injury would have likely required Starnes to testify, or allowed the introduction of a police report that documents Starnes's injury after his arrest for a separate robbery. Either option could have strengthened, rather than weakened the case against Starnes. As a result, there is no constitutional error in attorney Gibbons's decision not to present evidence of the hand injury at trial.

### II. Failure to Properly Cross-Examine Witnesses

Starnes argues that attorney Gibbons did not effectively cross-examine witnesses who identified Starnes. But the trial transcripts tell a different story. Attorney Gibbons cross-examined multiple witnesses and focused on inaccuracies and inconsistencies in their visual identifications.

Attorney Gibbons cross-examined bank teller Jennifer Smith and attacked her inability to remember whether Starnes was wearing sunglasses, her inaccurate description of Starnes' height, and her failure to recall whether Starnes had facial scars.[16]

During cross-examination of assistant bank manger Iris Cabana, attorney Gibbons emphasized that Cabana only saw Starnes for a short time and that she described Starnes' nose in a way inconsistent with Starnes's actual appearance.[17] While cross-examining bank teller Dana Woolford, attorney Gibbons had Woolford agree the photo of Starnes she identified to authorities "showed something different than the man you saw at the bank."[18]

The record does not support Starnes's assertion that his attorney ineffectively cross-examined

---

[15] Doc. 133-1.
[16] Doc. 127 at 134-47.
[17] *Id.* at 172-84.
[18] *Id.* at 84.

Case No. 1:10-CR-318
Gwin, J.

witnesses. Attorney Gibbons's cross-examinations was professionally competent assistance. Thus, Starnes's claim does not pass the first prong of the *Strickland* test.

### III. Failure to Object to Indictment and Move for Mistrial

Starnes makes the cursory arguments that attorney Gibbons should have objected to the indictment and moved for a mistrial based on allegedly premature deliberations. Starnes provides no factual detail or other support for these claims.

Starnes provides no basis as to how Gibbons could have objected to the indictment itself.[19] The Court therefore finds no merit in this argument and denies it.

Starnes has at least some argument on premature deliberations. Near the end of trial, the Court received notes from two jurors with several questions.[20] The Court and counsel discussed the notes and whether they indicated premature deliberations.[21] The questions sought additional evidence regarding the robberies and asked about Starnes's background and financial condition.

The Court offered counsel for Starnes and the Government the chance to voir dire the jurors, but both declined.[22] Instead, attorney Gibbons proposed a curative instruction which the Court accepted and gave to the jury.[23] Jurors are presumed to follow instructions from the Court.[24]

The Court is highly deferential in its analysis of counsel's strategic decisions. Attorney Gibbons's decision to propose a curative instruction rather than move for a mistrial is not an "error

---

[19] *Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (citation omitted).
[20] Doc. 128 at 347-48.
[21] *Id*. at 348-50.
[22] *Id*.
[23] *Id*. at 350.
[24] *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987) ("This accords with the almost invariable assumption of the law that jurors follow their instructions, which we have applied in many varying contexts.") (citations omitted).

Case No. 1:10-CR-318
Gwin, J.

so serious that counsel was not functioning as 'counsel.'"[25/]

Indeed, the questions did not clearly indicate premature deliberations, and did not indicate that the jurors had reached conclusions about Starnes's guilt. A motion for a mistrial was thus unlikely to succeed. Therefore, Starnes cannot demonstrate a reasonable probability of a different outcome at trial had attorney Gibbons taken a different strategic approach to the juror notes.

In sum, Starnes cannot satisfy the *Strickland* test for any of his claims regarding ineffective assistance of counsel. Thus, Starnes's first ground for relief is **DENIED**.

**B. Admission of Witness Identifications and "Faulty" Indictment**

In his second and third grounds for relief, Starnes makes two convoluted but related arguments. Starnes says that the witnesses who identified him and the indictment that was returned against him both flowed from illegally obtained evidence. The Sixth Circuit, after Starnes's first trial, did conclude that the search of his home after his arrest was in violation of the Fourth Amendment. Seizing on this point, Starnes argues that "anything after the arrest is fruit from a poisonous tree."[26/]

The United States correctly notes that Starnes did not raise either issue during trial on direct appeal. To avoid waiving these arguments, Starnes must demonstrate cause for not raising them earlier and prejudice from not doing so.[27/] Starnes does not make an argument on either factor.

The arguments are not only waived but also lack merit. Starnes maintains that because his house was illegally searched, anything occurring after – such as his identification in a witness lineup – is inadmissable at trial. But only evidence that is derivative of an illegal search must be suppressed.

---

[25/]*Strickland v. Washington*, 466 U.S. 668, 687-89 (1984).
[26/]Doc. 131 at 5.
[27/]*United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Case No. 1:10-CR-318
Gwin, J.

Starnes makes no arguments that the witnesses identified him because his house was searched; he only maintains that the identifications occurred after the search was complete.

Furthermore, Starnes's argument on the indictment loses as well. Evidence subject to suppression in a criminal case need not be excluded from grand jury proceedings.[28] Starnes therefore cannot show that the indictment against him was "faulty" in a way that can afford him relief.

Thus, the Court **DENIES** Starnes's second and third grounds for relief.

**C. Sentencing Computation**

Starnes's fourth and final ground for relief is that the Court incorrectly calculated his sentence because the Court incorrectly scored a conviction Starnes suffered in 1993.

Starnes claims his sentencing was improperly calculated due to an error in the scoring of his 1993 convictions. Starnes, however, has failed to raise this issue on direct appeal. Therefore, Defendant must meet the "cause and prejudice" test.[29] Because Starnes was not prejudiced the Court need not determine now whether Defendant Starnes had "good cause."

Starnes contends that the initial sentence for the 1993 convictions were converted to community control supervision in 2005. Starnes states it should be this amended sentence which determines the points scored. In 2006, however, that supervision was revoked and Starnes was re-incarcerated for over twenty-nine months. The Federal Sentencing Guidelines clarify that any time served as a result of probation revocation should be added to the original sentence to determine the overall sentence.[30] Thus, Defendant Starnes' sentence was not scored improperly nor was he

---

[28] *See United States v. Calandra*, 414 U.S. 338, 344 (1974).
[29] *United States v. Frady*, 456 U.S. 152, 162-168 (1982).
[30] See U.S.S.G. Section 4A1.2(k)(1).

Case No. 1:10-CR-318
Gwin, J.

prejudiced.

**D. Request for Hearing and Request for Appointment of Counsel**

The decision to grant a habeas petitioner's request for an evidentiary hearing is left to the sound discretion of the district court.[31] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."[32] A hearing is unnecessary if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.[33] "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[34]

Here, a hearing is unnecessary because Starnes's allegations are contradicted by the record. As such, an evidentiary hearing would not enable Starnes to prove his claims, and there is no need to appoint counsel.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Starnes's petition, along with his request for the appointment of counsel and an evidentiary hearing. Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

---

[31] *Schriro v. Landigrand*, 550 U.S. 465, 473 (2007).
[32] *Id.* at 474.
[33] *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).
[34] *Schriro*, 550 U.S. at 747.

Case No. 1:10-CR-318
Gwin, J.

faith, and no basis exists upon which to issue a certificate of appealability.[35]

    IT IS SO ORDERED.


Dated: August 20, 2015                                s/      *James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE

---

[35] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).